## KELSEY BAGGETT v. STATE.

No. A-8405.   Sept. 30, 1932.
(14 Pac. [2d] 952.)

W. L. Ratliff, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of abandonment of his wife, and sentenced to serve a year in the state penitentiary, and appeals.

The testimony on behalf of the state, in substance, shows that the defendant was a married man; that he was married in the city of Durant, Okla., prior to the time of the alleged abandonment; his wife at the time of their marriage was 18 years of age; the defendant was 33; that on or about the 1st day of June, 1930, the defendant abandoned his wife and failed to provide for her.

The defendant testified in his own behalf, and admitted this was the second time he had been charged with wife abandonment; that he had been convicted of deserting his first wife while living in the state of Arkansas. It is not deemed necessary to set out the testimony at length, but it is sufficient to say that the testimony sustains the allegation in the information and is sufficient to warrant the jury in returning a verdict of guilty.

The defendant assigns as error the overruling of his motion for a new trial.   This motion for a new trial covers all the errors alleged to have been committed by the trial court.   The defendant was prosecuted under the provisions of section 2 of chapter 78 of the Session Laws of 1923, which is an amendment to section 1856, C. O. S. 1921, and reads as follows:

"Every person who shall without good cause abandon his wife in destitute or necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and willfully neglect or refuse to main-

tain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for any period of time not less than one year or more than ten years."

In the trial of the case, the defendant represented himself. No objection to the introduction of testimony was made or exceptions saved to the ruling of the court.

The only question for this court to decide is whether or not the court committed a fundamental error sufficient to warrant this court in granting a new trial. The instructions of the court properly declared the law as applied to the facts. The defendants insists that the court should have instructed the jury to return a verdict for the defendant for the reason there is no testimony in the entire record showing that the wife of the defendant was in destitute or necessitous circumstances at any time. This court holds that the words of the statute, "in destitute or necessitous circumstances," mean the need of the necessaries of life, which cover not only physical needs, those absolutely indispensable to human existence and decency, but those things which are in any way necessary to the person left without support, taking into consideration the circumstances of life in which persons in the condition of this defendant and his wife would ordinarily live.

The record in this case shows this defendant was an educated man, a teacher in the schools of the state, and was able to and did earn a competent salary; that shortly after he married his young wife he sent her back home to her parents and failed to furnish her with such things as would ordinarily be necessary for her support if they were living together as husband and wife.

There are no fundamental or prejudicial errors in the record sufficient to warrant a reversal.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.